IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRIS JUDAY, et al.          :          CIVIL ACTION
                             :
          v.                 :
                             :
MERCK & CO., INC., et al.    :          NO. 19-2037

MEMORANDUM

Bartle, J.                                    July 12, 2019

          Chris Juday and his wife Pat Juday, no strangers to
this court, have filed a second action against defendants Merck
& Co., Inc. and Merck Sharp & Dohme Corp.  This time, they
characterized their complaint as a "Federal Rule 60(d)(1)
Independent Action."  They seek to set aside a summary judgment
order entered against them in the first action, Juday v. Merck &
Co., Civil Action No. 16-1547, and to reinstate the complaint in
that action.  Defendants have now moved to dismiss the pending
complaint under Rule 12(b)(6) of the Federal Rules of Civil
Procedure for failure to state a claim upon which relief can be
granted.  Defendants rely on the doctrine of res judicata.

I

          When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all factual allegations in the complaint and draw all reasonable
inferences in the light most favorable to the plaintiff.

See Phillips v. Cty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "mere possibility of misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

On a motion to dismiss under Rule 12(b)(6), the court may consider "allegations contained in the complaint, exhibits attached to the complaint, and matters of public record" as well as "an undisputedly authoritative document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Levins v. Healthcare Revenue Recovery Grp. LLC, 902 F.3d 274, 279–80 (3d Cir. 2018) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

II

In the first action, Chris Juday claimed that he had suffered injuries as a result of the administration of Zostavax, Merck's vaccine to prevent shingles.  His wife sued for loss of

consortium.[1]  This court granted summary judgment in favor of

both defendants and against the Judays on the ground that their

claims were barred by the statute of limitations.  Juday v.

Merck & Co., Inc., 2017 WL 1374527 (E.D. Pa. Apr. 17, 2017).

The Court of Appeals affirmed.  Juday v. Merck & Co., Inc.,

730 Fed. Appx. 107 (3d Cir. 2018).  The undisputed facts in this

first action established that Chris Juday was injected with the

Zostavax vaccine on March 2, 2014 and was aware of the purported

connection between the vaccine and his injury, that is the onset

of shingles, by at least March 13, 2014.  He and his wife did

not file their lawsuit until April 5, 2016, which was after the

relevant two-year statute of limitations had expired.

    Not deterred after judgment was entered against them

in the first action, the Judays filed a motion to intervene in

another Zostavax multidistrict litigation action pending before

the undersigned in order to obtain discovery which, in their

view, would aid them in seeking to reopen their first action

that they had lost in this court and the Court of Appeals.  This

court, denying the motion to intervene, characterized it as a

"fishing expedition."  Dotter v. Merck & Co., Inc., et al.,

No. CV 16-4686, 2018 WL 5303326, at *2 (E.D. Pa. Oct. 24, 2018).

---

1.  The complaint contained claims for:  Negligence, Design
Defect, Failure to Warn, Breach of Express Warranty, Breach of
Implied Warranty, Negligent Misrepresentation, Unjust
Enrichment, and Loss of Consortium.

We further explained that "it is improper for parties to institute meritless litigation so as to vitiate without any valid reason the finality of the judgment against them." Id. The court thereafter denied the Judays' motion for reconsideration. Dotter v. Merck & Co., Civil Action No. 16-4686 (E.D. Pa. Dec. 17, 2018).

At the same time that the Judays filed their motion for reconsideration, they moved under Rule 60(b) for relief from the judgment in their initial action. Again, this court denied the motion. We commented that "[t]here are no extraordinary circumstances presented here to justify relief" and that "unhappiness about an adverse result is not a basis for undermining the finality of judgments." Juday v. Merck & Co., 329 F.R.D. 151, 155 (E.D. Pa. 2018). Plaintiffs have filed a notice of appeal with respect to this order. That appeal is pending.

Persisting in their efforts to overturn this court's and the Court of Appeals' rulings that their Zostavax claims are time-barred, the Judays have now filed this independent action under Rule 60(d)(1) to relieve them from the judgment entered against them in their first action. They seek to have that first action reopened and allowed to proceed. The Judays, for the first time, contend that the statute of limitations was

tolled under the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. § 300aa-16.[2]

According to their pending complaint in this second action, the Judays had filed a petition in the United States Court of Federal Claims on April 29, 2015. In the petition, Chris Juday sought compensation under the Vaccine Act, 42 U.S.C. §§ 300aa-1, et seq. for his injuries suffered as a result of Zostavax. On June 11, 2015, 43 days later, his petition was dismissed on the ground that he had "failed to demonstrate that he had received a vaccine covered under the Vaccine Program." The decision of the Special Master further stated, "This case is dismissed for insufficient proof and for failure to prosecute." Juday v. Sec. of Health and Human Services, 2015 WL 4053498, at *2 (Fed. Cl., June 11, 2015).

The Judays also allege in their pending complaint that they timely filed an election under § 300aa-21(a) of the Vaccine Act with the Clerk of the Court of Federal Claims to file a civil action, and on information and belief they state that the Clerk informed the defendants about the Judays' election to file

---

2. The Judays also claimed that the Indiana statute of limitation gave them three years after a claim under the Vaccine Act was dismissed to file suit against Merck. The Judays are citizens of Indiana where Zostavax was administered to Chris Juday. They have now advised the court that they are not proceeding with this claim under Indiana law.

such a suit.  This civil action was not filed, as noted above, until April 5, 2016.

III

Rule 60(d) provides that "[t]his rule [60] does not limit a court's power to:  (1) entertain an independent action to relieve a party from a judgment, order or proceeding."

The Supreme Court has explained that the use of an independent action under Rule 60 to circumvent or vitiate a judgment is tightly circumscribed.  In <u>United States v. Beggerly</u>, 524 U.S. 38, 46 (1998), the Court declared:

> Independent actions must, if Rule 60(b)[3] is to be interpreted as a coherent whole, be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of res judicata.

The Court continued, "under the Rule [60(d)(1)], an independent action should be available only to prevent a grave miscarriage of justice."  <u>Id.</u> at 47.

The defendants assert that res judicata bars this action.  They maintain that the Judays have not plausibly pleaded and the undisputed public record cannot support a claim of a grave miscarriage of justice.

---

3.  In 1998, when the <u>Beggerly</u> case was decided, permission to file an independent action was set forth in Rule 60(b).  It is now incorporated into Rule 60(d)(1).

The Judays filed their first action on April 5, 2016.
The defendants raised the defense of the statute of limitations,
and the parties had a fair opportunity to litigate that issue.
After the parties engaged in discovery, the court held oral
argument on the defendants' motion for summary judgment.  It
thereafter permitted further briefing and provided the Judays an
opportunity to supplement the record.  The Court of Appeals
reviewed this court's decision in favor of defendants and
affirmed.

Res judicata is a salutary doctrine designed to
promote finality and prevent piecemeal litigation.  For
res judicata to bar a second action, there must be:  "(1) a
final judgment on the merits in a prior suit; (2) involving the
same parties or their privies; and (3) a subsequent suit based
on the same cause of action."  Elkadrawy v. The Vanguard Group,
584 F.3d 169, 172 (3d Cir. 2009).  Dismissal on statute of
limitations grounds constitutes a judgment on the merits for
purposes of res judicata.  Id. at 173.

The claim for relief in this independent action seeks
to reopen the first action in which the complaint alleged
damages for the injuries Chris Juday suffered as a result of the
administration of Zostavax.  The parties and the claims are the
same in both actions.  See Corestates Bank N.A. v. Huls America,
Inc., 176 F.3d 187, 194 (3d Cir. 1999).  In the first action,

-7-

there was a judgment in favor of defendants and against the
Judays on the ground that the action was time-barred.  This was
a judgment on the merits.  Thus, all three requirements for the
invocation of res judicata have been met.

The Judays did not advance the issue of tolling of the
statute of limitations under the Vaccine Act in opposition to
the defendants' motion for summary judgment in the first action.
However, the Judays clearly could have done so.  Res judicata
precludes a second action with a new issue if that new issue
could have been raised in the earlier lawsuit.  Id.

We must now decide whether the Judays have pleaded a
grave miscarriage of justice so as to overcome the doctrine of
res judicata.  Under the Vaccine Act, if the judgment of the
Court of Federal Claims does not award compensation, the
petitioner may file with the Clerk no later than 90 days
thereafter an election to file a civil action for damages for an
injury or death.  Failure to do so will be deemed an election to
accept the judgment of the Court.  See § 300aa-21(a)(2).  The
Judays allege that Chris Juday timely filed an election to file
a civil action.  Under § 300aa-16(c), the state statute of
limitations is stayed for the period beginning with the date of
the filing of a petition for a vaccine related injury or death
and ending with the date when a timely election is filed with
the Clerk of the Court of Federal Claims to file a civil action

after the petition is dismissed.  <u>See</u> § 300aa-21(a)(2).
According to the Judays, the stay was in effect for 43 days when
the clock was not running.  They argue that the action before
this court was timely since it was filed on April 5, 2016, only
23 days beyond the two-year limitations period.  However, the
Judays never raised this issue in the first action in which the
defendants filed and succeeded on their motion for summary
judgment on statute of limitation grounds.

The Judays rely on two cases in their attempt to save
this action from being dismissed.  Neither is helpful to them.

The first, <u>Artis v. District of Columbia</u>, 138 S. Ct.
594 (2018), involves the Supreme Court's interpretation of the
tolling provision of the Supplemental Jurisdiction statute,
28 U.S.C. § 1367.  That statute permits a district court to
exercise subject matter jurisdiction over state claims over
which it otherwise did not have jurisdiction if the state claims
are so related to claims over which the court does have
jurisdiction "that they form part of the same case or
controversy."  Section 1367(d) also provides:

> The period of limitations for any
> claim asserted under subsection (a),
> and for any other claim in the same
> action that is voluntarily dismissed
> at the same time as or after the
> dismissal of the claim under
> subsection (a), shall be tolled while
> the claim is pending and for a period
> of 30 days after it is dismissed

> unless State law provides for a longer
> tolling period.

The Supreme Court ruled that the "tolling" under § 1367(d) means that the state statute of limitations stops running during the entire period the state claim is pending in the federal district court.  <u>Artis</u>, 138 S. Ct. at 596.  The Court rejected the notion that the clock continued to tick while the state claims were pending so that the plaintiff simply would have had a 30-day grace period to file in the state court after the state claim was dismissed by the federal judge.  <u>Id.</u> at 596-97.

First, the tolling provision of § 1367 has no applicability here because it pertains only to actions with supplemental state law claims before a federal district court. There are no federal claims and thus no supplemental state law claims here.  Moreover, <u>Artis</u> did not involve the Vaccine Act. Even assuming that the Supreme Court's ruling somehow helps the Judays, it was handed down on January 22, 2018, over eight months before the Judays filed their Rule 60(b) motion on November 5, 2018 in the first lawsuit.  That ruling could have and should have been raised at that time if the Judays deemed it relevant.  It is now too late.

The second case cited by the Judays is <u>Miller v. Dorsey</u>, 2018 WL 4854180 (D. Neb. Oct 5, 2018).  Pro se

plaintiffs had filed a petition with the Court of Federal Claims under the Vaccine Act. That petition was dismissed for failure to provide expert testimony. Thereafter, plaintiffs filed a multi-claims action in the federal district court in Nebraska. Id. at *1. The district court dismissed all the federal claims. Id. at *2-5. It also dismissed, in the exercise of its discretion, the supplemental state law claims under 28 U.S.C. § 1367(c)(3). In doing so, the court told the pro se plaintiffs that they could re-file the latter claims in the state court. Id. at *5-6. It also explained, citing Artis, that the statute of limitation was tolled, that is suspended, from running during the entire period while the action was pending in the federal district court. Id. at *6. Miller did not concern itself with the tolling provisions of the Vaccine Act while the action was before the Court of Federal Claims. Unlike the pending case, Miller contained supplemental state law claims under §1367.

It is always regrettable when plaintiffs or their counsel miss the deadline for filing an action or overlook the possible tolling of the statute which may extend the time for filing a complaint. When these mishaps occur, plaintiffs are precluded from having their day in court to litigate their underlying claims and from obtaining relief where otherwise appropriate. Nonetheless, these failures without much more cannot be deemed to constitute a grave miscarriage of justice so

-11-

as to give rise to an independent action under Rule 60(d)(1) against the defendants who prevailed on their statute of limitations defenses.  Otherwise, Rule 60(d)(1) would create a giant loophole to the salutary doctrine of res judicata. Finality of judgments would be upended whenever the case was terminated as untimely.  Courts must also be mindful of the beneficial purpose of the statute of limitations to bar stale claims.  While the Judays' situation is unfortunate, they may not proceed with this action.

In sum, the Judays seek a second bite at the apple. They have not plausibly pleaded and the undisputed public record negates the existence of a grave miscarriage of justice in the first action so as to allow them the second bite.  The motion of defendants to dismiss the Judays' independent action brought under Rule 60(d)(1) will be granted.